PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THOMAS PURSCELLEY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FRAGRANCENET.COM, INC., a Delaware entity,

Defendant.

Case No. 2:25-cv-7042

**CLASS ACTION COMPLAINT AND JURY DEMAND**

## INTRODUCTION

Telemarketing is intrusive. To protect the public, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). The TCPA prohibits telemarketing communication before 8 a.m. or after 9 p.m., which are designated as "Quiet Hours." Defendant has repeatedly violated that rule.

## PARTIES

1. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of California.

2. Defendant is a New York corporation that does business in California.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

4. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District.

## FACTS

5. Section 227(c) of the TCPA and its implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers before 8 am and after 9 pm and similarly provides a private right of action against any entity that makes those telephone solicitations, or "on whose behalf" such telephone solicitations are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(1).

6. On or about April 1, 2025, April 11, 2025, April 29, 2025, May 4, 2025, May 23, 2025, May 25, 2025, June 18, 2025, June 20, 2025, and June 24, 2025 Defendant made telephone solicitations to Plaintiff's cellular telephone, several of which were during the prohibited "Quiet Hours", as depicted below:


Tue, Apr 1 at 1:20 PM
No foolin'! We love you...
Here's a exclusive SMS offer: 35% OFF
>> fragrancenet.attn.tv/a-XFazhm9lKr <<
Ends 4/3
Explore Now
FragranceNet will see actions you select
Tue, Apr 1 at 9:20 PM
No joke! Get 35% off your favorite fragrances today only.
Shop Now: fragrancenet.attn.tv/aSIBy9ZkrmGH
Ends 4/3
Explore Now
FragranceNet will see actions you select
Fri, Apr 11 at 12:20 PM
Spritz on spring luxury with 35% OFF!
Elevate your fragrance game with epic savings: https://fragrancenet.attn.tv/aZG4di1BZm-k
Ends 4/13
Explore Now
FragranceNet will see actions you select
Fri, Apr 11 at 9:05 PM
Sitewide savings - 35% OFF!
Start your weekend shopping: https://fragrancenet.attn.tv/a1jo1P76FTpe
Ends 4/13
Explore Now
FragranceNet will see actions you select


Tue, Apr 29 at 9:16 PM
Treat yourself! $25 OFF orders of $50 or more
Code TWNC5 - SHOP NOW: https://fragrancenet.attn.tv/aCOEtp_BBdFK
Ends 4/30
Explore Now
FragranceNet will see actions you select
Wed, Apr 30 at 9:15 PM
Mother's Day is coming! Find the perfect gift for mom & save $25* today: https://fragrancenet.attn.tv/aG1K2-I0X3cH
Ends 11:59pm ET
Explore Now
FragranceNet will see actions you select
Sun, May 4 at 1:05 PM
No mind tricks here... just galactic savings on scents!
35% OFF or FREE US SHIPPING: https://fragrancenet.attn.tv/aBxHHRGkKoip
Ends 5/5
Explore Now
FragranceNet will see actions you select
Sun, May 4 at 9:15 PM
Your fragrance destiny awaits - choose wisely:
35% OFF or FREE US SHIPPING: https://fragrancenet.attn.tv/aDuVVFW5iLzE
Ends 5/5
Explore Now
FragranceNet will see actions you select
Fri, May 23 at 2:05 PM
Stars, stripes and SAVINGS!
Celebrate the long weekend with 35% OFF: https://fragrancenet.attn.tv/a_yEyvyYr20p
Ends 5/26
Explore Now
FragranceNet will see actions you select
Sun, May 25 at 9:10 PM
Stock up on fragrance & beauty faves!
SHOP EXTRA 35% OFF NOW: https://fragrancenet.attn.tv/aC6Zi4VNO5Wy
Ends 5/26
Explore Now
FragranceNet will see actions you select

7. As demonstrated by the above screenshots, the purpose of Defendant's telephonic solicitations was to advertise, promote, and/or market Defendant's products.

8. Plaintiff is the regular user of the telephone number that received the above solicitations. Plaintiff utilizes the cellular telephone number that received Defendant's telephone solicitations for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

9. Plaintiff never signed any type of authorization specifically permitting or allowing Defendant to send telephone solicitations before 8 am or after 9 pm.

10. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

## PROPOSED CLASS

11. Plaintiff brings this lawsuit as a class action on behalf of:

**All persons in the United States who received any marketing communication from Defendant during the "Quiet Hours" period between 9 p.m. and 8 a.m. local time at the called party's location.**

### A. NUMEROSITY

12. Upon information and belief, Defendant has placed violative text messages to telephone numbers belonging to at least 5000 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

13. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

### B. COMMON QUESTIONS OF LAW AND FACT

14. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether Defendant initiated solicitation text messages to Plaintiff and the Class members before 8 a.m. or after 9 p.m.

b) Whether Defendant is liable for damages, and the amount of such damages.

15. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephone solicitations without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**C. TYPICALITY**

16. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

**D. ADEQUACY**

17. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class. Plaintiff has retained class counsel with experience in class litigation.

**E. SUPERIORITY**

18. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

**COUNT I**

**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)(1)**

**(On Behalf of Plaintiff and the Class)**

19. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(1), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1).

20. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(c).

21. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

22. Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members before the hour of 8 a.m. or after the hour of 9 p.m. (local time at the called party's location).

23. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation. 47 U.S.C. § 227(c)(5).

24. Pursuant to Section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation. 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c)(1);

e) An award of attorney's fees, costs, and interest, as allowed by applicable law; and

f) Such further and other relief the Court deems reasonable and just.

Dated: July 30, 2025

PACIFIC TRIAL ATTORNEYS, APC

By:______________________

Scott. J. Ferrell

Attorneys for Plaintiff